In re Francis J. EBENGER, Debtor(s).

William ROEMELMEYER,
Trustee, Plaintiff,

v.

Francis J. EBENGER, Pauline Ebenger,
and Bankers Life Co., Defendants.

Bankruptcy No. 84–00139–BKC–TCB.
Adv. No. 84–0537–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Nov. 19, 1984.

Steven H. Friedman, Miami, Fla., for plaintiff.

William Manker, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The trustee seeks avoidance of a transfer of $69,762 alleged to be fraudulent under 11 U.S.C. § 544(b) and prays for recovery of the proceeds from the debtor's bank account. The non-debtor/wife is joined as a defendant solely with respect to any interest she may assert to the account in question. She has asserted none. The debtor has moved for dismissal and has answered. The matter was tried on November 1.

The essential facts are not in dispute. The debtor is an attorney who practiced in Ohio for 16 years before moving to Florida. In 1971, he formed a professional association and a year or two later established a pension plan for the association. The debtor never had a partner and at all times had and exercised complete control over the association and the pension plan.

Following an unfortunate foray into the stock market, the debtor suffered severe reverses and in February 1977, the Federal

Deposit Insurance Corporation obtained a judgment against him in the amount of $149,000 which has never been satisfied.

In July 1979, the debtor terminated the pension plan and used his share, $69,762 to purchase an annuity for himself. It is this act which the trustee alleges to be fraudulent. Section 544(b) permits the trustee to:

> "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title."

Plaintiff relies upon § 3911.10 of the *Ohio Rev.Code Ann.*, which provides an exemption from the claims of creditors as to all annuity contracts upon the life of any person, but then provides:

> "Subject to the statute of limitations, the amount of any premium upon said contracts, endowments, or annuities, *paid in fraud of creditors,* with interest thereon, shall inure to their benefit from the proceeds of the contracts." (Emphasis supplied).

The annuity gradually increased in value until it was withdrawn by the debtor on August 15, 1984, when it then had a value of $102,626. That money is now in the debtor's personal account.

It is the debtor's burden to assert and demonstrate that the Ohio pension plan or the proceeds from that plan which were used to purchase the Ohio annuity were exempt from the claims of creditors. The debtor has neither argued nor demonstrated that to be the case. The trustee has attempted through discovery to obtain the pertinent documents in order to determine whether the funds in the pension plan were exempt under Ohio law, but the debtor has failed to produce these documents. I infer from this fact and conclude that the $69,-762 was not then exempt from the claims of creditors.

■ The conversion in July 1979, two and one-half years after the debtor suffered a $149,000 judgment against him and while that judgment remained unsatisfied, of this substantial sum into an annuity exempt from the claims of Ohio creditors establishes a presumption of fraud under this statute. *John Weenink & Sons Co. v. Blahd,* 73 Ohio App. 67, 54 N.E.2d 426 (1943). The debtor has offered no convincing argument or explanation that would overcome the presumption created by the foregoing facts. Because the Ohio statute authorizes creditors to recover not only the premium for the annuity, but the interest earned thereon as well, the trustee is entitled to judgment in the amount of $102,626.

■ The debtor asserts two defenses. He argues first that the money in question is not "property of the Estate". There is no requirement under § 544(b) or under the applicable Ohio law that the trustee may only avoid a transfer of property of the debtor's estate (defined by § 541). *Collier on Bankruptcy* (15th ed.) ¶ 544.03. This contention is without merit.

■ The debtor next, and more seriously, argues that this court's Order Denying Objections to Claimed Exemption entered June 8, 1984 in this bankruptcy case bars the trustee's present action. That order overruled the trustee's objection to the debtor's claimed exemption under Florida law of the annuity contract (then worth $98,477), which he subsequently withdrew in cash. That order is presently on appeal by the trustee, but it has not been stayed. Therefore, it is presumptively valid.

The Florida statute, § 222.14 exempts from the claims of creditors not only the proceeds of annuity contracts, but also the cash surrender value. Therefore, the debtor argues, the cash surrender value of this annuity contract is exempt from the claims of creditors and, therefore, should also be exempt from the claim of the trustee.

The Ohio statute upon which the trustee travels under the power granted him by § 544(b) permits the *recovery* of the premium paid upon an exempt annuity, when paid in fraud of creditors, *together* with "interest thereon". Obviously, the Ohio statute contemplates that the creditor can effect recovery from the annuity created with the fraudulent premium even though

the annuity would be exempt from the claims of all other creditors. To accept the debtor's argument in this instance would be to completely nullify the Ohio statute in every instance. I reject the debtor's argument.

■ Although the debtor has not expressly argued that the trustee is estopped by his failure to assert this action before or at the time he challenged the debtor's claimed exemption, I have considered that issue and am satisfied that there is no statutory or procedural requirement that a trustee assert a cause of action under § 544(b) or any other claim that a trustee may have in conjunction with his objections to the debtor's claim of exemptions under B.R. 4003(b). It is perfectly understandable that the trustee would first contend, as he did, that the proceeds of this annuity are not exempt under Florida law under any circumstances, before he would consider and assert the cause of action asserted here. He is merely required to assert this cause of action within two years after his appointment. § 546(a)(1). He has done so.

As is required by B.R. 9021(a), a separate judgment will be entered in favor of the trustee and against the debtor in the amount of $102,626 as the premium with interest thereon paid by the debtor in fraud of creditors and, therefore, voidable and recoverable under § 544(b). The judgment shall further provide that the defendant Pauline Ebenger has acquired no right or interest in such proceeds superior to that of the plaintiff/trustee. Costs may be taxed on motion.